PEOPLE ex rel. UNDERWOOD v. BOARD OF TRUSTEES OF INCORPOR-
ATED VILLAGE OF PATCHOGUE.

(Supreme Court, Appellate Division, Second Department. January 14, 1916.)

1. MUNICIPAL CORPORATIONS ☞33—BOUNDARIES—EXTENSION.

Without statutory enactment, village and town boundary lines should
be clearly fixed, so as to be easily recognizable, and the same certainty
required by Village Law (Consol. Laws, c. 64) § 3, as amended by Laws
1915, c. 31, for original boundaries should be required, in marking out an-
nexed territory; hence a petition for an election to annex territory to a
village, which did not set out with clearness the territory to be annexed,
was properly denied.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
81–97; Dec. Dig. ☞33.]

2. MUNICIPAL CORPORATIONS ☞33—BOUNDARIES—EXTENSION.

Village Law, § 348, as amended by Laws 1915, c. 257, requires a petition
to extend the boundaries of a village to be signed by a majority of the per-
sons qualified to vote for town officers and by the owners of a majority in
value of the property therein assessed upon the last preceding town assess-
ment roll. The petition must be verified by at least three persons signing
to the effect that the petitioners constitute a majority of the electors and
that the petition represents a majority in value of the property. A
petition for the inclusion of property in a village recited that "We, the
undersigned, a majority of the residents qualified to vote for town officers,
and also the owners of a majority of value in real property of that terri-
tory," petition the village to extend its westerly boundaries so as to in-
clude the described territory. The petition was verified as provided by
Code Civ. Proc. § 526, declaring that the verification must be to the effect
that the pleading is true to the knowledge of the deponent, except as to
matters stated on information and belief, but the body of the petition did
not allege the jurisdictional fact that its signers represented a majority in
value of the property therein assessed upon the last preceding town assess-
ment roll. *Held*, that the petition was not sufficient to require action by
the board of trustees.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
81–97; Dec. Dig. ☞33.]

Appeal from Special Term, Suffolk County.

Mandamus by the People, on the relation of William L. Underwood,
against the Board of Trustees of the Incorporated Village of Pat-
chogue. From an order denying relator's motion for a peremptory
writ of mandamus, requiring the trustees to submit to an election a
proposition to extend the village corporate limits, relator appeals.
Order affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON,
MILLS, and PUTNAM, JJ.

William L. Underwood, of Patchogue, in pro. per.
Robert S. Pelletreau, of Patchogue, for respondent.

PUTNAM, J. [1] Even without special enactment, village and
town boundary lines should be clearly fixed, so as to be easily rec-
ognized by the general public. Dillon, Mun. Corp. (5th Ed.) § 352.
The corporate limits should not be a matter of deduction through

legal reasoning, but are to be made obvious by having such bounds stated and described with common certainty. The same certainty necessary for original boundaries (Village Law, § 3, as amended by Laws 1915, c. 31) should be required in marking out annexed territory. The objections of the village authorities to the appellant's petition were therefore well taken. Questions of disputed rights to levy taxes, or jurisdictional rights over waters (People ex rel. Gleason v. Town Board, 21 App. Div. 156, 47 N. Y. Supp. 409), carrying with them obligations to maintain bridges and highways, are not to be left doubtful and obscure, when it is quite practicable to remove such difficulties by boundary lines definitely fixed, and otherwise to delimit with certainty the newly annexed territory. In these respects the petition laid before the board of village trustees was objectionably vague and indefinite, and justified the board in the prudent view that the boundaries attempted to be set out had not been located with sufficient accuracy.

[2] Furthermore, the petition was not verified as required by Village Law, § 348, as amended by Laws 1915, c. 257. This provides that the petition is to be signed by a majority of the persons qualified to vote for town officers; also "by the owners of a majority in value of the property therein, assessed upon the last preceding town assessment roll." Such petition must be "verified by at least three persons signing the same to the effect that the petitioners constitute a majority of the qualified electors, if any, of such territory, and that the petition represents a majority in value of the property *as above described.*" This petition began:

"We, the undersigned, a majority of the residents qualified to vote for town officers, and also the owners of a majority of value in real property of that territory not in a city or village, but adjoining the incorporated village of Patchogue, founded and described as follows: * * * —petition the incorporated village of Patchogue, N. Y., to extend its westerly boundaries so as to include the territory above described."

A verification as provided by Code Civ. Proc. § 526, to such a petition did not comply with this special statutory requirement, especially where the body of the petition did not allege the jurisdictional fact that its signers represented a majority in value of the property therein assessed upon the last preceding town assessment roll. Miller v. City of Amsterdam, 149 N. Y. 288, 43 N. E. 632.

The board of trustees of Patchogue, therefore, could not be required, against their judgment, to submit to an election such a proposition to extend the village boundaries, as was set out in this petition.

The order denying a writ of peremptory mandamus is therefore affirmed, with $10 costs and disbursements. All concur.